UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

KATYA VARELA A/K/A KATYA D. VARELA
A/K/A KATIA D. VARELA,

       Debtor.
-----------------------------------------------------------------x
MARC A. PERGAMENT, as Chapter 7 Trustee of the
Estate of Katya Varela a/k/a Katya D. Varela a/k/a
Katia D. Varela,

       Plaintiff,
v.

Katya Varela,

       Debtor/Defendant.
-----------------------------------------------------------------x

Case No. 813-73019-reg

Chapter 7

Adv. Proc. No. 813-8146-reg

## <u>MEMORANDUM DECISION</u>

(Re: Motion to Dismiss Counterclaims and Motion to Strike Affirmative Defenses)

  This matter is before the Court pursuant to an adversary proceeding commenced by Marc

A. Pergament (the "Trustee" or "Plaintiff"), in his capacity as the trustee of the estate of Katya

Varela (the "Debtor" or the "Defendant"), seeking to bar her discharge under § 727(a)(4)(A).  In

her second amended answer, the Debtor asserts counterclaims against the Trustee and affirmative

defenses in response to the claims set forth in the Complaint. The counterclaims and affirmative

defenses all relate to allegations that while the Debtor attempted to obtain a modification of her

mortgage, the Trustee wrongfully demanded monthly payments from the Debtor in an amount

equal to the mortgage payments, and commenced this adversary proceeding in retaliation when

she refused to do so. The Debtor asserts four counterclaims:  (1) removal of the Trustee pursuant

to § 324; (2) interference with the Debtor's attempts to modify her mortgage; (3) bad faith and fraud in commencing this adversary proceeding; and (4) abuse of process. The Debtor asserts four affirmative defenses to the § 727(a)(4)(A) action: (1) failure to state a claim; (2) the Trustee has exceeded his authority and is proceeding in an unreasonable manner; (3) the Trustee was not entitled to seek postpetition mortgage payments; and (4) the Trustee lacks standing to demand the monthly payments.  The Trustee moves to dismiss the counterclaims and to strike the affirmative defenses.  The Trustee also moves for a protective order barring the Debtor from taking his deposition.

The Trustee asserts that he is entitled to quasi-judicial immunity when acting as a Chapter 7 trustee, and therefore all of the counterclaims must be dismissed as the alleged conduct falls within the zone of protection.  The Debtor contends that the Trustee exceeded his statutory authority and used the adversary proceeding as a vehicle to obtain funds and retaliate against the Debtor and, therefore, is not afforded immunity.  While the Court finds that all of the counterclaims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), it is not for the reasons set forth by the Trustee.  The First Counterclaim seeking removal of the Trustee must be dismissed because the Debtor failed to proceed by motion as required by the applicable Bankruptcy Rules. Even if the request for relief had been brought by motion, the grounds cited for removal of the Trustee do not appear to be sufficient under applicable Second Circuit authority.  The Debtor must show that the Trustee has committed fraud and caused actual injury to the Debtor's estate. However, the Trustee's alleged acts concern injury to the Debtor individually, which do not constitute cause for his removal.

With respect to the remaining counterclaims, the Debtor seeks to hold the Trustee personally liable for his alleged conduct, but the Trustee did not commence this adversary

proceeding in his personal capacity.  Therefore, counterclaims two through four do not meet the "opposing party" requirement set forth in Fed. R. Civ. Proc. 13(b).

Even if the Debtor were to bring a separate action against the Trustee individually, the Trustee would be entitled to assert quasi-judicial immunity from personal liability so long as the Trustee acted within the scope of his statutory authority.  Because objecting to the Debtor's discharge and marshaling estate assets are statutory obligations of the Trustee, it is not likely that the Trustee's conduct would subject him to personal liability.  However, this does not mean that the Debtor, or any other party, is without recourse.  The Office of the United States Trustee is well equipped to address complaints against panel trustees, and has the authority to investigate the Debtor's allegations regarding the Trustee's conduct.

The motion to strike the First Affirmative Defense – failure to state a claim – is denied, and is granted as to the Second, Third, and Fourth Affirmative Defenses.  Inclusion of the First Affirmative Defense does not prejudice the Plaintiff and serves as a general denial of the allegations in the complaint. Therefore, the Court sees no reason to strike the First Affirmative Defense.  The Second Affirmative Defense shall be stricken because the Trustee is plainly authorized to commence an action to bar the Debtor's discharge.  The Third and Fourth Affirmative Defenses have no connection to the factual allegations in the Complaint, and even if true, would not preclude entering judgment in favor of the Trustee on the Complaint. Furthermore, permitting these remaining affirmative defenses to go forward would prejudice the Trustee by needlessly complicating discovery and the trial in this § 727 action.

Finally, the Court grants the Trustee's motion for a protective order prohibiting the deposition of the Trustee.  Because all of the counterclaims are being dismissed and the substantive affirmative defenses are being stricken, a deposition of the Trustee is not reasonably

calculated to lead to discoverable evidence relevant to the remaining issues in this adversary proceeding.

## PROCEDURAL HISTORY

On June 5, 2013, the Debtor, represented by George Bassias ("Bassias"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  The Debtor simultaneously filed her schedules and statements.  The Trustee conducted the initial meeting of the creditors on July 10, 2013 ("341 Meeting").   Shortly after the 341 Meeting, the Debtor filed amended schedules on July 23, 2013.  On September 5, 2013, the Trustee commenced this adversary proceeding objecting to the Debtor's discharge pursuant to § 727(a)(4)(A).

On September 9, 2013, the Debtor filed her Answer, Counterclaims and Affirmative Defenses.  Answer and Countercls., ECF No. 4.  The Debtor served a notice seeking to examine the Trustee and a request for admissions on December 12, 2013.  The Trustee moved to dismiss the counterclaims pursuant to Rule 12(b)(6), to strike the Affirmative Defenses pursuant to Rule 12(f), and to prohibit the Debtor from taking the deposition of the Trustee (the "First Motion") on January 6, 2014.  A hearing on the First Motion was held on February 5, 2014, and the Court directed the Debtor to specify the statutory or legal bases for the relief sought in the counterclaims.  The Court deferred making a decision on the request to prohibit the deposition of the Trustee until after a decision on whether the counterclaims should be dismissed was rendered.  At the March 5, 2014 hearing, the Debtor was given additional time to amend the counterclaims.

The Debtor then filed the Second Amended Answer and Counterclaims (the operative answer, counterclaims, and affirmative defenses) on March 7, 2014.  Second Am. Answer and Countercls., ECF No. 24.  On March 27, 2014, the Trustee filed the instant motion ("Second

Motion"). Karamvir Dahiya ("Dahiya") filed a notice of appearance as co-counsel to the Debtor on April 4, 2014. On April 11, 2014, the Debtor, now represented by Bassias and Dahiya, filed two separate briefs in opposition to the Second Motion (the "Bassias Opposition" and "Dahiya Opposition", respectively). The Trustee filed his reply in further support of the Second Motion on April 17, 2014, and a hearing on the Second Motion was held on April 21, 2014.

## FACTS

The facts alleged in the Second Amended Answer and Counterclaims, presented in the light most favorable to the Debtor, are assumed to be true for purposes of making substantive rulings on the Second Motion to Dismiss. The Debtor based such facts primarily on the Trustee's examination of the Debtor at the 341 Meeting and a series of letters between the Trustee and the Debtor's counsel after the 341 Meeting.

According to the Debtor, she filed for bankruptcy relief to become eligible to seek a modification of the mortgage on her residence. Apparently, Wells Fargo, the mortgagee, would only consider entering into a modification agreement if the recorded judgments on the Debtor's residence could be removed.[1] 341 Meeting Tr., at 8:12-20. During this process, the Debtor was not making mortgage payments to Wells Fargo. The Trustee, upon examination of the Debtor's schedules, calculated the Debtor had $1,500 to $1,600 in disposable income, *Id.* at 7:21-25, and the Trustee requested the Debtor turn these funds over to him until she completed the process of obtaining the mortgage modification. *Id.*, at 8:21-25, 9:1-3, 11:8-11. The Debtor then informed the Trustee that she needed to amend her schedules to include additional expenses that she had overlooked. *Id.*, at 9:4-11, 12:10-11.

---

[1] The Debtor and Wells Fargo participated in the Loss Mitigation Program. On January 30, 2015, Wells Fargo reported that the Debtor had been denied for all modification options. Loss Mitigation Status Report, ECF No. 40.

At the 341 Meeting, in response to the statement by the Debtor's counsel that the schedules could be amended, the Trustee stated: "Oh, really? You could do a lot of things, sir. You could do whatever you'd like to do, and I could object to discharge and say it's a false bankruptcy." *Id.*, at 12:12-16. At the 341 Meeting, the Trustee also requested that the Debtor provide proof of the expenses the Debtor sought to add to Schedule J. *Id.* 18:15-25, 9:1-5.

By letter dated July 31, 2013 (the "July 31 Letter"), the Trustee wrote: "I still have several difficulties in this case and I would like to resolve the case and at the same time, give the Debtor an opportunity to try to save her home." Bassias Affirm. Opp'n, ECF No. 30, Ex. B. The Trustee also instructed the Debtor to provide the Trustee with the following, among other things:

- $1,500 for July 1, 2013 rent, $1,500 for August 1, 2013 rent, and to continue to pay the Trustee $1,500 monthly until she modified her loan with Wells Fargo.
- An explanation of why she should receive a discharge when she lied under oath in her Schedule J expenses and should be rewarded for submitting false documents to the Court and to lenders to modify her mortgage;
- Sign the stipulation extending the Trustee's time to object to the Debtor's discharge.

The Trustee indicated that he would consent to the Debtor moving forward with the Debtor's loan modification and sign whatever documents were necessary to facilitate the modification. *Id.*, at 1-2. Again, the Trustee requested "turnover of $3,000.00, the requested documents and the signed Stipulation extending [his] time to object to the Debtor's discharge." *Id.*, at 2.

The Debtor did not turn over any funds to the Trustee, and on September 5, 2013, the Trustee commenced this adversary proceeding to bar the Debtor's discharge alleging that the Debtor intentionally made false statements in her petition. On December 19, 2013, the Trustee sent a letter (the "December 19 Letter") to the Debtor's counsel, Bassias, stating that he "has never sought an order compelling the turnover of any funds from the Defendant, is not presently seeking the turnover of any funds from the Defendant and does not claim that the Defendant's

bankruptcy estate is entitled to postpetition mortgages." Bassias Affirm. Opp'n 2, ECF No. 30, Ex. C.

The Debtor replied via letter on the same day, (the "December 19 Reply Letter"), stating that she provided the Trustee with documents to justify the increased expenses on the amended Schedule J, and the Trustee did not raise any objections to the documents. December 19 Reply Letter, ECF No. 13.

The Trustee replied, via letter, on December 23, 2013 (the "December 23 Letter") that he "merely suggested that if the defendant was not making payments to her mortgagee, then those funds should be made available to the estate's unsecured creditors until some time when the mortgage payments would recommence." Bassias Affirm. Opp'n 2, ECF No. 30, April 11, 2014, Ex. D. The Debtor never turned over any funds to the Trustee.

## **DISCUSSION**

I.   Motion to Dismiss the Debtor's Counterclaims

   A.   Legal Standard for Motion to Dismiss

The Trustee moves to dismiss all counterclaims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "A motion to dismiss a counterclaim is evaluated under the same standards as a motion to dismiss a complaint." *Revonate Mfg., LLC v. Acer Am. Corp.*, No. 12-civ-6017, 2013 WL 342922, at *2 (S.D.N.Y. Jan 18, 2013) (quoting *Netrix Leasing, LLC v. K.S. Telecom, Inc.*, No. 00-CIV-3375, 2001 WL 228362, at *8 (S.D.N.Y. Mar.7, 2011)). A motion to dismiss requires a determination of whether the complaint properly states a claim under Rule 8. Rule 8 requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Fed. R. Civ. Proc. 8(a)(2)).

The Supreme Court underlined two working principles applicable to a court's evaluation of a Rule 12(b)(6) motion in two seminal cases: *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). First, the principle that "a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A recitation of the elements of a cause of action, supported by mere conclusory statements is not sufficient. *Id.*(citing *Twombly*, 550 U.S. at 555). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 .(citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief…is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79. However, the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir.2008) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). A complaint has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S, at 557).

B.    <u>Whether Fed. R. Civ. Proc. 13(b) Bars Any Counterclaims</u>

Before addressing the arguments raised by the litigants, the Court shall consider *sua sponte* whether the counterclaims are subject to dismissal on procedural grounds. The Trustee filed the Complaint solely in his capacity as representative of the Debtor's bankruptcy estate. The Debtor seeks removal of the Trustee (First Counterclaim), and seeks damages against the Trustee for demanding money from the Debtor, for filing the Complaint with the intent to harm the Debtor, for interfering with the Debtor's attempts to modify her mortgage, and for making misrepresentations to the Court (Second, Third and Fourth Counterclaims). While the First

Counterclaim seeks relief against the Trustee in his representative capacity, the remaining

counterclaims seek to hold the Trustee personally liable for his conduct.   However, the Trustee

did not file the complaint in his individual capacity.

Rule 13, made applicable by Bankruptcy Rule 7013, directs that counterclaims be

asserted "against an opposing party."  Fed. R. Civ. Proc. 13(a), (b); Fed. R. Bankr. Proc. 7013.

"The generally prevailing, although not uniform, view is that the 'opposing party' requirement

means that when a plaintiff has brought suit in one capacity, the defendant may not counterclaim

against him in another capacity."  *Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d

875, 885-886 (2d Cir. 1981) (citations omitted).  Courts sometimes look beyond the fact that the

counterclaim is against the party in a different capacity, if the party sued and the party who

should be sued have identical interests.  *Chambers v. Cooney*, 537 F.Supp.2d 1248 (S.D.Ala.

2008).  Further, courts permit the defendant to assert such counterclaims if the case falls in either

of two exceptions.

> First, if a plaintiff has sued in a representative capacity but will benefit individually from
> any recovery, a counterclaim may be made against the plaintiff in his individual capacity.
> Second, a counterclaim may be made against a plaintiff in a capacity different than that in
> which he sued if principles of equity and judicial economy support such a counterclaim.

*Blanchard v. Katz*, 117 F.R.D 527, 529 (S.D.N.Y. 1987) (citing *Banco Nacional de Cuba v.*

*Chase Manhattan Bank*, 658 F.2d at 886-88.  The counterclaims in question do not fall under

either of the two exceptions.  The Trustee will not benefit individually from his alleged conduct,

as the Trustee is seeking to bar the Debtor's discharge.  Additionally, under the facts of this case,

neither equity nor judicial economy requires the Court to permit the Debtor to go forward on the

second, third and fourth counterclaims.

Courts have consistently held that counterclaims against a bankruptcy trustee in his or her individual capacity must be dismissed where the suit was commenced by the trustee as a representative of the debtor's estate.   *Eisenberg v. Casale (In re Casale)*, 62 B.R. 899, 900 (Bankr.E.D.N.Y.1986); *Pettigrew v. Graham (In re Graham)*, 16 B.R. 606, 611 (Bankr. N.D.Ga. 1981) and *Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 282, 290, n.9 (Bankr. S.D.N.Y. 2010).   The reasons for applying Rule 13 to these types of counterclaims are clear.   The trustee as an individual has divergent interests from his role as a representative of a bankruptcy estate.   There is a material difference between asserting a claim against a bankruptcy trustee, as representative of a debtor's estate, versus the  trustee in his individual capacity.   For one, they are distinct legal entitles.   A bankruptcy trustee has legal rights, obligations, and enjoys powers, and privileges distinguished from those as an individual.   Secondly, a ruling that the Debtor is damaged by the Trustee's postpetition conduct in his representative capacity has different implications than if the Court finds that the Trustee is personally liable.   Damages against a trustee, as a representative, are recoverable from the estate, whereas, damages against a trustee, as an individual, come from the trustee's personal coffers.   *See Vass v. Conron Bros. Co.*, 59 F.2d 969, 970 (2d Cir. 1932) ("trustees in bankruptcy…may be sued by their title, and judgments against [trustees] bind the [estate] assets."); *see also Rogers v. Ackley Commc'ns, Enters., Inc.*, No. 1996-13M, 1996 WL 493174, at *1 (D.V.I. May 13, 1996) ("[T]he only counterclaim that can be filed in such a representative action is one brought against the trustee in his representative capacity which seeks recovery from the assets of the estate the trustee represents.").

In this case, the first counterclaim is a request for removal of the Trustee.  Because removal of a trustee necessarily concerns a claim against a trustee in his representative capacity, the first counterclaim is not affected by Rule 13(b).

With respect to counterclaims two through four, the Debtor does not seek to hold the Trustee liable in his official capacity and to collect damages from the estate.  Because the essence of these counterclaims is that the Trustee exceeded his authority and is not acting under the color of law, the Trustee can only be held personally liable for injuries caused by these acts.  Accordingly, counterclaims two through four shall be dismissed because they are not claims against an opposing party as required under Rule 13(b).[2]

C.    Trustee's Immunity and Personal Liability

Even if the Debtor were to commence an action against the Trustee individually, the Debtor would have to overcome the threshold issue of whether the Trustee has immunity from such suit.   The Bankruptcy Code does not explicitly address the parameters of a trustee's immunity and the cases addressing its bounds are confusing and somewhat contradictory.  Section 323 simply provides that a trustee is a representative of the estate and may sue and be sued. 11 U.S.C. § 323.  Although there is nothing in the Bankruptcy Code that grants immunity to a trustee performing his or her duties, courts have recognized that bankruptcy trustees are entitled to immunity derived from their conduct as quasi-judicial officials.  A trustee's immunity has roots in the absolute immunity granted to bankruptcy judges.   Bankr. L. Manual § 4:16 (5th ed.); *see also In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1999) *and Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  "This absolute immunity insulates judges from charges of

---

[2] To the extent that the Debtor alleges in her most recent brief that the Trustee's conduct violated her Due Process or other Constitutional rights, these were not raised in the counterclaims. As these additional claims are not part of this adversary proceeding, the Court will not address them.

erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, *In re Castillo*, 297 F.3d at 947 (citing *Forrester*, 484 U.S. at 227–28), or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors'." *Id.* at 947 (quoting *Stump*, 435 U.S. 349).

Courts have extended absolute judicial immunity afforded to bankruptcy judges to acts of others involved in the judicial process. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 133 S.Ct. 2167, 124 L.Ed.2d 391 (1993). If such officials' duties are the functional equivalent of a bankruptcy judge's and are discretionary, the official is afforded quasi-judicial immunity. *Id.* ("When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function.") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1978)). Because bankruptcy trustees are officials of the court who exercise discretionary functions, the doctrine of quasi-judicial immunity is applicable to bankruptcy trustees in certain circumstances. *See Smallwood v. United States*, 358 F.Supp. 398, 404 (E.D.Mo. 1973) ("[T]rustees in bankruptcy should not be subject to civil damage suits under the doctrine of judicial immunity, for they are officers of the bankruptcy court.") (citations omitted).

A bankruptcy trustee is entitled to quasi-judicial immunity where the trustee acts pursuant to a court order, after notice and a hearing. *See Mosser v. Darrow*, 341 U.S. 267, 274-75, 71 S.Ct. 680, 683-84, 95 L.Ed. 925 (1951); *Weissman v. Hassett*, 47 B.R. 462, 467 (S.D.N.Y. 1985) (A trustee is immune from personal liability when acting "at the court's behest or under its supervision and subject to its orders."); *But see Dana Commercial Credit Corp. v. Nisselson (In re Ctr. Teleprods.)*, 112 B.R. 567, 578 (Bankr. S.D.N.Y. 1990) ("Where the trustee…negligently

obtains a court order, or negligently or willfully carries out a court order he knew or should have known he wrongfully procured, however, personal liability will attach.").   Further, if a trustee is acting under specified adjudicative or administrative authority granted to him or her by statute, he or she also enjoys quasi-judicial immunity.  *Bernard L. Madoff Inv. Sec. LLC*, 440 B.R. at 290 (quoting *In re Smith*, 400 B.R. 370, 377 (Bankr. E.D.N.Y. 2009) (A quasi-judicial official enjoys immunity "from suit for personal liability for acts taken as a matter of business judgment in acting in accordance with statutory or other duty or pursuant to court order.").   Moreover, a trustee is shielded from personal liability "for his lawful exercise of judgment and discretion, even if, in hindsight, such interpretations of law were incorrect." *Id.* at 292.

A trustee's quasi-judicial immunity is not unlimited.  For instance, in the Second Circuit, a trustee may be personally liable for negligent or willful violations of his fiduciary duties.  *In re Gorski*, 766 F.2d 723, 727 (2d Cir. 1985) (citing *Mosser v. Darrow*, 341 U.S. 267 ("There is no question that a trustee in bankruptcy may be held personally liable for breach of his fiduciary duties. Such liability may attach as the result of negligent, as well as knowing or intentional, breaches.").  A trustee may also be personally liable if the trustee's actions are *ultra vires* – outside of the duties conferred by the Bankruptcy Code.  *Konvalinka & Harrison, PC v. F. Scott LeRoy (In re McKenzie)*, 716 F.3d 404 (6th Cir. 2013), *cert. denied*, 134 S.Ct. 444 (2013); *DiStephano v. Stern (In re J.F.D. Enters., Inc.)*, 223 B.R. 610, 625 (Bankr. D.Mass. 1998) ("[I]mmunity does not extend to acts which are ultra vires or in breach of a trustee's fiduciary duty."); *Ziegler v. Pitney*, 139 F.2d 595, 596 (2d Cir. 1943).  Therefore, a trustee's actions are sanitized if the trustee, after full disclosure, notice and hearing, obtains court approval and immunized if the trustee makes a mistake in business judgment while carrying out his statutory

duties.  But, a trustee is personally liable if he acts outside of the scope of his duties or willfully or negligently violates his fiduciary duties.

In the instant case, it does not appear the Trustee's alleged conduct would fit within any of the exceptions to immunity enumerated above.  The latter exception would not apply because the Trustee owes no fiduciary duty to the Debtor.  There is a "discrete set" of parties "whose interests must be safeguarded by the trustee": creditors; shareholders; and the debtor may become a member of this group should the estate become solvent.  Elizabeth H. McCullough, *Bankruptcy Trustee Liability: Is There a Method to the Madness?*, 15 Lewis & Clark L. Rev. 153, 163 (2011).  "In those rare cases where a chapter 7 bankruptcy trustee owes a fiduciary duty to a chapter 7 debtor, that duty is triggered by the debtor's status as a party in interest as to the assets of a surplus estate." *Ebel v. King (In re Ebel)*, 338 B.R. 862, 874 (Bankr. D.Colo. 2005).  The Debtor has no pecuniary interest in the estate as this is a no asset case.  Therefore, the Trustee is not a fiduciary of the Debtor, and the Debtor would be unable to assert a claim for personal liability for breach of a fiduciary duty against the Trustee.  *See In re King*, 338 B.R. at 874 (The debtor "lacks any conceivable interest in the administration of bankruptcy estate assets, and accordingly, he lacks any basis to claim the Trustee owes him a fiduciary duty.").

The alleged conduct of the Trustee does not appear to fall within the exception to immunity for *ultra vires* acts.  A bankruptcy trustee has the authority to commence and prosecute any action or proceeding on behalf of the estate with or without court approval.  *See* 11 U.S.C. § 323; Fed. R. Bankr. Proc. 6009.  Section 704(a)(6) of the Bankruptcy Code provides that the "trustee shall, if advisable, oppose the discharge of the debtor."   Therefore, the Trustee was acting under statutory authority when he brought the adversary proceeding objecting to the Debtor's discharge.  Alleging that the Trustee harbored an undisclosed and improper motive for

commencing the action would not bring the Trustee's action within the *ultra vires* exception. *See In re McKenzie* 716 F.3d at 416  (So long as the acts were within the scope of the trustee's official duties, the trustee's reasons for taking such acts do not render them *ultra vires*.).

Moreover, the authority to deny a debtor's discharge is not given to a trustee but rests solely with the Court, and it is only after findings are made by the Court, and entry of a judgment, which is subject to appeal, that a Debtor's discharge may be denied. Therefore, even if the trustee had an ulterior motive in commencing the adversary complaint, as the Debtor alleges, the Court would still be charged with ruling on the merits of the adversary proceeding.  The ultimate resolution of this case by the Court will be based on the evidentiary record and the law.

The Trustee's request for postpetition payments is also not *ultra vires*.[3]  A chapter 7 trustee has the authority to administer the assets of the estate.  *See* 11 U.S.C. § 704(a)(1), (2), (5). Marshalling estate assets is a responsibility of a trustee under the Bankruptcy Code.  *See* 11 U.S.C. § 704 ("the trustee shall collect and reduce to money the property of the estate"); *In re USA United Fleet Inc.*, 496 B.R. 79, 83 (Bankr. E.D.N.Y. 2013) ("A Chapter 7 trustee is duty-bound to use the tools provided by the Bankruptcy Code to marshal and liquidate estate assets to achieve the highest possible return to creditors.").  A trustee has wide discretion in determining how to comply with his mandate to marshal assets of the estate.  *See Bernard L. Madoff Inv. Sec. LLC*, 440 B.R. at 290.

Even if the Trustee's acts were not protected by quasi-judicial immunity, the Debtor has failed to plausibly allege damages or injury resulting from the Trustee's conduct.  The Debtor alleges that she "has been damaged by not being able to modify her loan; she owes more to her mortgage, she has incurred legal costs, and extreme emotional distress."  Second Am. Contercls.

---

[3] The Court takes no position on whether the Trustee is entitled to collect rent post-petition from a debtor in this situation and notes that there is no binding precedent by the Second Circuit on this issue.

¶ 76.  Also, the Debtor alleges that "as a result…[she] is unable to obtain a discharge."  The absence of a plausible allegation that the plaintiff was damaged or suffered injury would be fatal to the Debtor's case.  *In re R. Woolsey & Assocs., Inc.*, 454 B.R. 782, 789-90 (Bankr. D. Idaho 2011) ("The idea that a plaintiff must demonstrate it suffered damages in order to recover on a money claim against a defendant is a basic legal concept.").   First, the Debtor never made any postpetition payments to the Trustee.  Second, there is no support in the Complaint for the allegation that the Trustee's conduct caused Wells Fargo to deny the Debtor's request to modify her mortgage.  Third, the Debtor's discharge has not been denied to date.

The Court's holding should not be construed as encouraging bankruptcy trustees to abuse their powers. While the Court is concerned with the Debtor's allegations that the Trustee misused his position to wrongfully extract funds from the Debtor, there are "[s]afeguards within the Bankruptcy Code [that] effectively check . . .  abuses."  *See Weissman v. Hassett*, 47 B.R. at 463.  For example, as the *Weissman* court noted, under 11 U.S.C. § 324, courts are empowered to remove a bankruptcy trustee for cause.  Moreover, the Office of the United States Trustee is an independent office charged with investigating complaints alleging misconduct by a bankruptcy trustee.  Therefore, there are avenues pursuant to which debtors, creditors and other parties in interest may seek redress for their grievances.  However, in this case, the Counterclaims are not the proper vehicle for this purpose.

D.    Removal of Trustee under § 324

The Trustee moves to dismiss this counterclaim for failure to seek relief by motion, and for failure to adequately plead grounds for removal under § 324. The Court agrees that the first counterclaim must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Debtor has failed to proceed by motion as required by the Bankruptcy

Rules.  *See Jefferson v. Mississippi Gulf Coast YMCA, Inc*, 73 B.R. 179, 182 (Bankr. S.D.Miss. 1986) (citing Fed. R. Bankr. Proc. 9013, 9014) (removal of a trustee is not within the scope of an adversary proceeding under Bankruptcy Rule 7001, and thus, a party must proceed by motion and not by adversary proceeding).  Here, the Debtor did not bring a motion in the main bankruptcy case.  Because the Debtor has not properly sought to remove the Trustee, the Debtor has failed to state a claim for which relief may be granted.

Even if the Debtor had followed the proper procedures, the Debtor would face serious challenges to obtaining the relief requested.  The Second Circuit has found "cause" for removal of a trustee where the trustee is not disinterested and the trustee fails to perform duties, unreasonably delays the performance of those duties, or violates its fiduciary duty to the estate.  *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D.Conn. 1990) (citing *In re BH & P, Inc.*, 103 B.R. 556, 561 (Bankr. D.N.J. 1989); *In re Paolino*, 80 B.R. 341, 344 (Bankr. E.D.Pa. 1987); *Matter of Schoen Enter., Inc.*, 76 B.R. 203, 206 (Bankr. M.D.Fla. 1987); *Matter of Island Amusement, Inc.*, 74 B.R. 18, 19 (Bankr. D.P.R. 1987); and *In re Mira-Park, Inc.*, 72 B.R. 430, 431 (Bankr. S.D.Tex. 1987).  Removal of a trustee generally requires a showing of actual fraud **and** actual injury to the estate's interests.  *Lundborg*, 110.B.R. at 108 (citations omitted); *see also In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965).  Additionally, "[a] trustee should not be removed for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances.  *Lundborg*, 110.B.R. at 108 (citing *In re Haugen Constr. Serv. Inc.*, 104 B.R. 233, 240 (Bankr.D.N.D. 1989)).

It appears that the Trustee did not act in violation of his fiduciary duty to the estate, nor did the Trustee's actions as alleged by the Debtor cause actual injury to the Debtor's estate. The duties of a bankruptcy trustee are detailed in 11 U.S.C. § 704.  Included in such duties are the

duties to oppose the discharge of the debtor and marshal and liquidate the assets of the estate. *See* 11 U.S.C. § 704(a)(1), (6). The Trustee acted within such statutory duties when he objected to the Debtor's discharge and demanded postpetition payments from the Debtor.  Further, the Debtor does not allege that the Trustee committed actual fraud regarding the interests of the estate.   Although the Debtor alleges that she is damaged because the "debtor is unable to obtain a discharge and modify her loan."  Second Am. Countercls., ¶ 49, these alleged injuries concern the Debtor personally.  Without any articulated injury flowing to the estate from the Trustee's alleged conduct, there is no basis to seek to remove the Trustee.

   II.   <u>Motion to Strike the Affirmative Defenses</u>
         A.   <u>Legal Standard for the Motion to Strike Pursuant Rule 12(f) and Bankruptcy Rule 7012(f)</u>

   Rule 12(f), made applicable through Bankruptcy Rule 7012(f), permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f); Fed. R. Bankr. Proc. 7012(f).  A plaintiff must show that: (1) there are no factual questions; (2) there are no substantive questions of law; and (3) the plaintiff would be prejudiced by inclusion of the defense.  *Houston v. Manheim–New York*, No. 09-cv-4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010) (citing *SEC v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999)).   "A motion to strike an affirmative defense under Rule 12(f)…for legal insufficiency is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 105, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (citation omitted).  The Trustee argues that the Court should strike all of the Debtor's affirmative defenses because they have "no connection or relationship to the Complaint's factual allegations or the

Complaint's claims for relief." Pl.'s Mot. to Dismiss 17, ECF 26. Thus, the Trustee's argument is that the affirmative defenses are immaterial to the § 727(a)(4)(A) objection to discharge. "Immaterial" has been defined as a matter "which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

### B.   Failure to State a Claim

The Court denies the Trustee's request to strike the Debtor's First Affirmative Defense of failure to state a claim. Failure to state a claim is an affirmative defense that is raised routinely as a general denial of the allegations in a complaint, and striking such affirmative defenses sanctioned by the Rules is unwarranted where there is no prejudice to the plaintiff. *See S.E.C. v. Toomy*, 866 F.Supp. 719, 723 (S.D.N.Y. 1992). "It is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." *Id.* at 723 (citations omitted). And, "even though it is redundant, there is no prejudicial harm to plaintiff and the defense need not be stricken." *Id.* (quoting *Oppel v. Empire Mutual Ins. Co.*, 92 F.R.D. 494, 496 (S.D.N.Y.1981)).

### C.   Second, Third and Fourth Affirmative Defenses

The Court grants the Trustee's Motion to Strike the Debtor's Second, Third, and Fourth Affirmative Defenses. The Debtor's Second, Third, and Fourth Affirmative Defenses are as follows, respectively: the Trustee has exceeded his authority and is proceeding in an unreasonable manner; the Trustee is not entitled to postpetition mortgage payments and; the Trustee lacks standing to demand payment of postpetition mortgage payments. The Debtor

asserts those affirmative defenses pertain to allegations in the Trustee's § 727(a)(4)(A) complaint.

As to the Second Affirmative Defense, the Trustee plainly has the authority to commence a § 727(a)(4)(A) complaint pursuant to § 704(a)(6). Further, as described *supra*, filing the adversary complaint, even with improper motives, does not strip the Trustee of his quasi-judicial immunity, and the Court has to ultimately decide on the merits of the § 727(a)(4)(A) complaint. As such, there are no questions of fact or substantial questions of law that might allow the defense to succeed. Further, the allegations that the Trustee acted with improper motives or exceeded his authority is immaterial because the court ultimately decides the merit of the § 727(a)(4)(A) complaint. Accordingly, the Court strikes the Second Affirmative Defense.

The Court also strikes the Third and Fourth Affirmative Defenses. According to the Dahiya Opposition, the Debtor's Third and Fourth Affirmative Defenses are akin to a bad faith defense. The Trustee counters that such a defense does not excuse the Debtor's failure to file accurate schedules and, therefore, have no bearing on whether the Trustee can establish a § 727(a)(4)(A) claim. The allegations that the Trustee is not entitled to postpetition payments and lack standing to demand it are immaterial to the § 727(a)(4)(A) claim. The Third and Fourth Affirmative Defenses do not affect a decision to grant or deny the Debtor's discharge. The Court, accordingly, strikes the Third and Fourth Affirmative Defenses. *See Freydl v. Meringolo*, No. 09-Civ-07196, 2011 WL 2566082, at * 1 (S.D.N.Y. June 16, 2011) (an affirmative defenses should be stricken when it has "no bearing on the subject matter of the litigation."); *Connell v. New York*, 230 F.Supp.2d 432, 438 (S.D.N.Y. 2002) (an affirmative defense should be stricken where the defense is insufficient as a matter of law.). In addition, the Trustee would be prejudiced if he were forced to engage in discovery over these affirmative defenses which would

increase the cost of this adversary proceeding ,yet will have no effect on the outcome.  *See S.E.C. v. McCaskey*, 56 F. Supp.2d at 326  (Prejudice found where inclusion of a meritless defense would increase the time, expense and complexity of litigation.).

III.  <u>Motion to for a Protective Order Prohibiting the Deposition of the Trustee</u>

Finally, the Court addresses the Trustee's motion for a protective order prohibiting the Debtor from examining him pursuant to Rule 26(c).  Rule 26(c), made applicable through Bankruptcy Rule 7026(c), authorizes "[a] party or any person from whom discovery is sought [to] move for a protective order."  Fed. R. Civ. Proc. 26(c)(1); Fed. R. Bankr. Proc. 7026(c). Rule 26(c) further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* The party seeking the protective order has the burden to show good cause.  *In re Zyprexa Prods. Liab. Litig.*, 474 F.Supp.2d 385, 415 (E.D.N.Y. 2007). The Trustee contends that he does not have any first-hand knowledge of the allegations in the § 727(a)(4)(A) claim with respect to the accuracy of the Debtor's schedules, the Debtor's motivation or basis for filing the false schedules, or of the Debtor's modification application.  Because, the Court has dismissed the counterclaims and substantive affirmative defenses of the Debtor, a deposition of the Trustee will not be required.  Further, it is unclear how the Trustee's testimony would be reasonably calculated to lead to the discovery of admissible evidence relevant to the remaining issues in the adversary. *See* Fed. R. Civ. Proc. 26(b)(1).  Accordingly, the motion for a protective order

prohibiting the deposition of the Trustee is granted.


**CONCLUSION**

For the reasons set forth in this opinion, the Court dismisses the First Counterclaim for failure to state a claim.  The Court also dismisses counterclaims two to four because, though the Debtor seeks to hold the Trustee personally liable, the Trustee was not named, individually, as an opposing party as required pursuant to Fed. R. Civ. Proc. 13.  The Trustee's motion to strike the affirmative defenses is denied as to the First Affirmative Defense, and is granted as to the remaining affirmative defenses.  Finally, the Court grants the Trustee's motion to prohibit the deposition of the Trustee.

The Court shall enter an order consistent with this Memorandum Decision.


Dated: Central Islip, New York
        May 4,  2015

                                        _/s/ Robert E. Grossman_
                                        Robert E. Grossman
                                        United States Bankruptcy Judge